**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> iROBOT CORPORATION, <br><br> Defendant. | CASE NO. 6:13-cv-411 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against iRobot, Corporation Inc. (Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1.   This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*

2.   This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.   This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4.   Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5.     Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant iRobot Corporation ("iRobot"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 8 Crosby Drive, Bedford, Massachusetts 01730.  Plaintiff is further informed and believes, and on that basis alleges, that iRobot is in the business of selling robots for cleaning homes, pools, and gutters, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.irobot.com/us/ (the "Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, iRobot has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the iRobot Website.

## FACTS

7.     On November 19, 1996, United States Patent No. 5,576,951 entitled "Automated Sales and Services System" was duly and legally issued to Lawrence B. Lockwood ("Lockwood") as inve3ntor.  A true and correct copy of United States Patent No. 5,576,951 is attached hereto as Exhibit "A" and incorporated herein by this reference.  Following a reexamination of Patent No. 5,576,951, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 5,576,951 C1, on January 29, 2008, confirming the validity of all ten (10) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 5,576,951 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference.  Following a second reexamination on the '951 patent the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 5,576,951 C2, on May 9, 2013, again confirming the validity of all thirty-two (32) claims.  A true and correct copy of Ex Parte Reexamination

Certificate, Number US 5,576,951 C2 is attached hereto as Exhibit "C" and incorporated herein by this reference.  (United States Patent No. 5,576,951, together with the additional claims confirmed and allowed by Ex Parte Reexamination Certificate, Number US 5,576,951 C1, and as confirmed by Ex Parte Reexamination Certificate, Number US 5,576,951 C2, shall hereinafter be referred to as the "'951 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '951 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '951 Patent, including all rights to enforce the '951 Patent and to recover for infringement.  The '951 Patent is valid and in force.

8. On March 7, 2006, United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network" (the "'508 Patent") was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of the '508 Patent is attached hereto as Exhibit "D" and incorporated herein by this reference.  On September 1, 2008, Lockwood licensed all rights in the '508 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '508 Patent, including all rights to enforce the '508 Patent and to recover for infringement.  The '508 Patent is valid and in force.

9. On or about September 28, 2012, Plaintiff sent Defendant a letter informing Defendant of the '951 Patent and the '508 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '951 Patent and the '508 Patent.

10. As more fully laid out below, Defendant has been and is now infringing the '951 Patent and the '508 Patent, in this judicial district and elsewhere, by selling and distributing its products and services using electronic commerce systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '951 Patent and the '508 Patent.

**FIRST CLAIM FOR RELIEF**

**(Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))**

11. Plaintiff refers to and incorporates herein by reference paragraphs 1-9.

12. The claims of the '951 Patent relate to "a computer search system for retrieving information" and "a computerized system for selecting and ordering a variety of information, goods and services," each comprising a variety of features.

13. The iRobot Website is a "computer search system[s] for retrieving information" and "computerized system[s] for selecting and ordering a variety of information, goods and services" practicing the claims of the '951 Patent.

14. By way of example only, and not limited to it, Defendant's Website infringes Claim 10 of the '951 Patent in that, for example, the Defendant's Website provides a system that practices all of the limitations of the claim and on which it's customers search for information about products and purchase products, including:

    a. The Website is a computerized system for selecting and ordering a variety of information, goods and services.

    b. The Website includes a plurality of computerized data processing installations (the web server and its supporting systems) programmed for processing orders for said information, goods and services.

    c. The Website is operated through at least one computerized station (the customer's computer).

    d. The web server of the Website and that Defendant's customers' computers practice all of the remaining limitations of Claim 10 of the '951 Patent.

15. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '951 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

16. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate

relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

17. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

18. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(b))**

19. Plaintiff refers to and incorporates herein by reference paragraphs 1-12.

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant has actively and knowingly induced infringement of the '951 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the end users of its Website) to utilize their own computers in combination with its Website, and incorporated and/or related systems, to search for and order information and products from its Website in such a way as to infringe the '951 Patent.

21. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

22. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. Plaintiff does not have an adequate remedy at law.

23. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## THIRD CLAIM FOR RELIEF

**(Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))**

24. Plaintiff refers to and incorporates herein by reference paragraphs 1-9.

25. The claims of the '508 Patent relate to "an automated multimedia system for data processing for delivering information on request to at least one user," comprising a variety of features.

26. The iRobot Website is "an automated multimedia system for data processing for delivering information on request to at least one user," practicing the claims of the '508 Patent.

27. By way of example, only, and not limited to it, Defendant's Website infringes Claim 8 of the '508 Patent in that, for example, Defendant's Website provides a system that practices all of the limitations of the claim and on which it's customers search for information about products, including:

    a. The Website is an automated multimedia system for data processing for delivering information on request to at least one user. That is, it uses text and graphics, among other means, to deliver product information and other information to Defendant's customers.

    b. The Website includes at least one computerized station (the server and its supporting systems).

    c. The web server(s) of the Website practice all of the remaining limitations of Claim 8 of the '508 Patent.

28. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

29. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It

would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

30. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

31. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FOURTH CLAIM FOR RELIEF

**(Inducing Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(b))**

32. Plaintiff refers to and incorporates herein by reference paragraphs 1-9, 23-25.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendant has actively and knowingly induced infringement of the '508 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the end users of its Website) to utilize their own computers in combination with its Website, and incorporated and/or related systems, to search for and order information and products from its Website in such a way as to infringe the '508 Patent.

34. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

35. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. Plaintiff does not have an adequate remedy at law.

36. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the

'508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For an order finding that the '951 Patent is valid and enforceable;

B. For an order finding that the '508 Patent is valid and enforceable;

C. For an order finding that, by the acts complained of herein, Defendant has directly infringed, and induced others to infringe, the '951 Patent in violation of 35 U.S.C. § 271;

D. For an order finding that, by the acts complained of herein, Defendant has directly infringed, and induced others to infringe, the '508 Patent in violation of 35 U.S.C. § 271;

E. For an order finding that Defendant has willfully infringed the '951 Patent and the '508 Patent;

F. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '951 Patent, and from inducing others to infringe the '951 Patent;

G. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '508 Patent, and from inducing others to infringe the '508 Patent;

H. For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

I. For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

   J. For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

   K. For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendant's infringement;

   L. For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

   M. For an order awarding Plaintiff pre-judgment and post-judgment interest; and

   N. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: May 22, 2013            Respectfully Submitted,

**OF COUNSEL:**               By: */s/ Charles Ainsworth*

Jeffer Mangels Butler & Mitchell LLP      Charles Ainsworth
                          State Bar No. 00783521
 Stanley M. Gibson           Robert Christopher Bunt
 (Cal. Bar No. 162329)          State Bar No. 00787165
 *smg@jmbm.com*            PARKER, BUNT & AINSWORTH, P.C.
                          100 E. Ferguson, Suite 1114
 Ali Shalchi                Tyler, TX 75702
 (Cal. Bar No. 239164)          903/531-3535
 *axs@jmbm.com*             903/533-9687
                          E-mail: charley@pbatyler.com
1900 Avenue of the Stars, Seventh Floor    E-mail: rcbunt@pbatyler.com
Los Angeles, CA 90067
Telephone: (310) 203-8080          Attorneys for Plaintiff,
Facsimile: (310) 203-0567           Landmark Technology, LLC