# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC, | |
| Plaintiff | Civil Action No. 6:13-cv-00411-MHS-JDL |
| v. | |
| iROBOT CORPORATION, | Jury Trial Demanded |
| Defendant. | |

## DEFENDANT iROBOT'S MOTION TO STAY PROCEEDINGS PENDING COVERED BUSINESS METHOD PATENT REVIEW

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................... 1
II. STATEMENT OF FACTS ........................................................................................ 1
III. ARGUMENT .............................................................................................................. 2
    A. A Stay Pending the Resolution of the CBM Reviews is Appropriate at this Time ................................................................................................................. 2
    B. Congress Enacted § 18(b) of the AIA to Encourage Stays of Litigation Pending CBM Review ..................................................................................... 2
    C. All Four of the Statutory Factors Strongly Favor Issuing a Stay ........................... 3
        i. A Stay Should Issue Because the CBM Reviews Will Simplify or Eliminate the Issues for Trial ................................................................. 3
        ii. The Early Stage of this Case Favors Granting a Stay ............................... 6
        iii. Issuing a Stay Will Not Cause Landmark to Suffer Undue Prejudice ................................................................................................. 6
        iv. Issuing a Stay Will Reduce the Burden of Litigation on the Parties and the Court ......................................................................................... 8
IV. CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alzo Corp. v. Wyeth & Wyeth Pharms., Inc.*,
  No. 9:06-cv-156, 2006 U.S. Dist LEXIS 94962 (E.D. Tex. Nov. 21, 2006) ...................... 3, 6

*Aristocrat Techs. Austl. PTY Ltd. V. Int'l Game Tech.*,
  521 F.3d 1328 (Fed. Cir. 2008) .................................................................................................. 5

*Constellation IP, LLC v. AllState Corp.*,
  No. 5:07-cv-132, 2008 U.S. Dist Lexis 46820 (E.D. Tex. May 12, 2008) ............................... 4

*EchoStar Techs. Corp., v. TiVo, Inc.*,
  No: 5:05-cv-81, 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. July 14, 2006) .............................. 9

*Eon Corp. IP Holdings, LLC v. Skytel Corp.*,
  No. 6:08-cv-385, 2009 U.S. Dist. LEXIS 131909 (E.D. Tex. Apr. 29, 2009) .......................... 7

*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*,
  No. 12-780-GMS, 2013 U.S. Dist. Lexis 15300 (D. Del. Feb. 5, 2013) ................................... 2

*Microlinc, LLC v. Intel Corp.*,
  No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255 (E.D. Tex. Sept. 20, 2010) ........................... 7

*Premier Int'l Assocs LLC v. Hewlett-Packard Co.*,
  554 F. Supp. 2d 717 (E.D. Tex. 2008) ...................................................................................... 6

*PureChoice, Inc. v. HoneyWell Int'l, Inc.*,
  No. 2:06-CV-244, 2007 U.S. Dist. LEXIS 95706 (E.D. Tex. Apr. 20, 2007) .......................... 7

*SAP America, Inc. v. Versata Dev. Grp., Inc.*,
  No. CBM2012-0001, slip op. at 34 (P.T.A.B. June 11, 2013) ................................................. 5

*Sightsound Techs., LLC v. Apple, Inc.*,
  No. 11-1292, 2013 U.S. Dist. Lexis 79319 (W.D. Pa., June 6, 2013) ...................................... 2

*Spa Syspatronic, AG v. Veriphone, Inc.*,
  No. 2:07-cv-416, 2008 U.S. Dist. LEXIS 34223 (E.D. Tex. Apr. 24, 2008) ............................ 4

**Statutes**

35 U.S.C. § 103 ................................................................................................................................. 5

35 U.S.C. § 112 ................................................................................................................................. 5

35 U.S.C. § 282(b) ............................................................................................................................ 5

35 U.S.C. § 311 (2012) ...........................................................................................5

35 U.S.C. § 311(a) (2006) .......................................................................................5

35 U.S.C. § 321(b) ...................................................................................................5

AIA § 18(a)(1) .........................................................................................................8

AIA § 18(b) ......................................................................................................1, 2, 9

AIA § 18(b)(2) .........................................................................................................3

**Rules**

37 C.F.R. § 42.200(c) ..............................................................................................8

37 C.F.R. § 42.200(c)(2012) ....................................................................................8

37 C.F.R. § 42.207 ...................................................................................................8

37 C.F.R. § 42.220 ...................................................................................................8

37 C.F.R. § 42.301 ...................................................................................................8

37 C.F.R. § 42.221 ...................................................................................................9

37 C.F.R. § 42.223 ...................................................................................................8

I.  **INTRODUCTION**

Defendant iRobot Corporation ("iRobot") respectfully submits this motion to stay this patent infringement action pursuant to § 18(b) of the America Invents Act ("AIA") pending the resolution of post grant reviews of the validity of each of the patents-in-suit by the Patent Trial and Appeals Board ("PTAB").  iRobot asks the Court to stay all further proceedings in the present litigation pending the conclusion of the PTAB's review of the validity of the patents.  A stay is appropriate and justified here because: (1) the PTAB's post grant reviews of the patents will likely narrow, if not completely eliminate, the issues pending before the Court; (2) the case is in early stages before any substantial judicial resources have been expended; (3) Plaintiff Landmark Technology, LLC ("Landmark") will not be prejudiced by the stay, and (4) a stay will decrease the burden of litigation on the parties and the Court.

II.  **STATEMENT OF FACTS**

Landmark sued iRobot on May 22, 2013, alleging that iRobot infringes U.S. Patent No. 5,576,951 and U.S. Patent No. 7,010,508 (collectively "the patents-in-suit") by operating an e-commerce website.  Landmark's Compl. for Patent Infringement [Dkt. 1].  The Court held a scheduling conference on October 23, 2013.  The *Markman* hearing is scheduled for September 25, 2014, and the pre-trial conference is scheduled for July 23, 2015.

GSI Commerce Solutions, Inc. ("GSI"), a subsidiary of eBay, Inc., provides systems and software for the accused instrumentality at http:/www.irobot.com/us/.  On November 4, 2013, GSI filed two petitions with the PTAB for post grant review of each of the patents-in-suit under the Transitional Program for Covered Business Method Patents ("CBM Review"), seeking a finding of invalidity for every claim.

## III. ARGUMENT

### A. A Stay Pending the Resolution of the CBM Reviews is Appropriate at this Time.

Now that CBM Review petitions challenging the validity of the patents-in-suit have been filed with the Patent Office, a stay pending the resolution of these proceedings is immediately appropriate. *See Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, No. 12-780-GMS, 2013 U.S. Dist. Lexis 15300, at n. 5 (D. Del. Feb. 5, 2013) (holding that § 18(b) stays are permitted upon the filing of a CBM Review petition); *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 U.S. Dist. Lexis 79319, at *6, 10-11 (W.D. Pa., June 6, 2013)(following *Market-Alerts*). Here, GSI filed its CBM Review petitions on November 4, 2013, thereby starting the CBM Review proceedings on that date. Accordingly, the Court can issue a stay at this time.

### B. Congress Enacted § 18(b) of the AIA to Encourage Stays of Litigation Pending CBM Review.

Congress' enacted the CBM Review procedure to create "a cost effective alternative to litigation" in district courts. 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Leahy). In order to meet this goal, Congress codified the following four-factor test in § 18(b).

(A) whether a stay, or a denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether the trial date has been set;

(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b).

Congress added the fourth factor to "place[] a <u>very heavy thumb</u> on the scale in favor of a stay" pending CBM Review. 157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (emphasis added). Notably, Congress observed that under this four factor test, "it is <u>nearly impossible</u> to imagine a scenario in which a district court would not issue a stay" pending the results of a CBM Review. 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) (emphasis added). "Absent some <u>exceptional circumstances</u>, the institution of a business methods proceeding - which requires a high up-front showing and will be completed in a relatively short period of time - should serve as a substitute for litigation and result in a stay of co-pending district court litigation." *Id.* (emphasis added). To ensure consistent application of established precedent, Congress specified that a § 18(b) decision would be immediately appealable to the Federal Circuit for *de novo* review. AIA § 18(b)(2).

As noted in the Congressional Record, stays should be liberally granted and "[i]t is congressional intent that a stay should be denied in extremely rare instances." 157 Cong. Rec. S1360 (statement of Sen. Kyl) at S1363, S1379. Here, no exceptional circumstances exist and each of the four factors weighs in favor of a stay.

### C. All Four of the Statutory Factors Strongly Favor Issuing a Stay.

#### i. A Stay Should Issue Because the CBM Reviews Will Simplify or Eliminate the Issues for Trial.

Courts, including those in this district, have recognized that staying a case pending patent review proceedings can be an effective way to simplify or streamline issues for trial. "Put simply, courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent re-examination process and the expertise of its officers." *Alzo Corp. v. Wyeth & Wyeth Pharms., Inc.*, No. 9:06-cv-156, 2006 U.S. Dist LEXIS 94962, at *6 (E.D. Tex. Nov. 21, 2006) (citations and quotes omitted).

GSI's CBM Reviews will simplify the issues for trial because they will most likely lead to the invalidation or amendment of one or more of the patents' claims. Obviously, if the CBM Reviews invalidate any claims, all issues, including infringement, validity, and damages regarding those claims will not need to be litigated. It is thus possible these CBM Reviews could obviate any need for this case to continue. Litigation with regard to claims that are amended during the CBM Reviews will also be streamlined. "[T]he technical expertise provided by the reexamination proceedings will be helpful to the Court on any issues that remain." *Constellation IP, LLC v. AllState Corp.*, No. 5:07-cv-132, 2008 U.S. Dist Lexis 46820, at *16 (E.D. Tex. May 12, 2008). Even in the unlikely event that the PTAB confirms all claims, the CBM Reviews will still provide streamlining benefits. "Claim construction will ultimately be simplified because statements made during the reexamination become part of the prosecution history, which allows a full development of the intrinsic evidence to be considered by the Court." *Spa Syspatronic, AG v. Veriphone, Inc.* No. 2:07-cv-416, 2008 U.S. Dist. LEXIS 34223, at *12-13 (E.D. Tex. Apr. 24, 2008). Additionally, the PTAB's own claim construction findings made during the CBM Reviews should be helpful and persuasive.

The Patent Office's track record with similar procedures also demonstrates that claims are likely to be amended or canceled, thus streamlining the case. *See Spa Syspatronic,* 2008 U.S. Dist. LEXIS 34223, at *10 ("The fact that some of the claims are likely to change favors staying the case."). For example, the previously-utilized *inter partes* reexamination procedure resulted in canceled or amended claims in 82% of decided reviews. *See* Lin Decl., Ex. A.[1] CBM Review is likely to have an equal or even greater chance of affecting the scope of the patents than *inter partes* reexamination given the broader range of permitted challenges. *Compare* 35 U.S.C. § 321(b) (allowing CBM Review challenges based upon on any ground for invalidity listed in 35

---

[1] All Exhibits are attached to the Declaration of Benjamin S. Lin ("Lin Decl.") filed herewith.

U.S.C. § 282(b)) *with* 35 U.S.C. § 311(a) (2006) (current version at 35 U.S.C. § 311 (2012)) (allowing *inter partes* reexamination challenges only on the basis of prior art). In fact, the only CBM Review final decision to date invalidated all claims. SAP America, Inc. v. Versata Dev. Grp., Inc., No. CBM2012-0001, slip op. at 34 (P.T.A.B. June 11, 2013). Here, GSI's petitions have raised invalidity arguments under 35 U.S.C. §§ 103 and 112; thus it is even more likely that they will result in canceled or amended claims. To assist the Court's review of this motion, iRobot has attached GSI's CBM Review petition for the '951 patent as Exhibit B, and GSI's CBM Review petition for the '508 patent as Exhibit C. Lin Decl., Exs. B & C.

GSI's CBM Review petitions' § 112 challenges for indefiniteness are likely to invalidate the patents-in-suit. Recent Federal Circuit case law has clarified that patents with computer-implemented means-plus-function limitations must suitably disclose a corresponding algorithm. *Aristocrat Techs. Austl. PTY Ltd. V. Int'l Game Tech.*, 521 F.3d 1328, 1333-1338 (Fed. Cir. 2008). Under the current legal framework for indefiniteness, the claims of the patents-in-suit will likely be invalidated for failing to comply with the § 112 requirement, as they include numerous means-plus-function limitations with no disclosure of corresponding structure or algorithm.

GSI has also identified several references as invalidating prior art. *See* Lin Decl., Ex. B at 18-23, 34-80; Ex. C at 21-24, 38-71. These references disclose systems which satisfy every element of the patents-in-suits' claims. It is thus highly unlikely that the asserted claims of the patents-in-suit will emerge from these CBM Review proceedings unscathed. This case is still in its very early stages, and it would be a waste of judicial resources to spend the next eighteen months involved in parallel proceedings before this Court and the USPTO, only to have the work

of this Court undone by claim cancellations and/or amendments that are statistically near certain to occur.

### ii. The Early Stage of this Case Favors Granting a Stay.

Courts in this district have repeatedly found that this early stage in the case favors granting a stay. *Premier Int'l Assocs LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008) (finding this factor favored a stay when sought recently after the scheduling conference); *see also, e.g. Alzo Corp.*, 2006 U.S. Dist LEXIS 94962, at *6 (finding this factor favored a stay when sought before any discovery had been taken).

The Court has only recently held a scheduling conference in this case and discovery has not yet begun. The *Markman* hearing is scheduled for September 25, 2014, nearly a full year away. Most importantly, this Court has thus far only issued a few routine and administrative orders and has not yet invested substantial resources in deciding this case. The Court and parties have yet to address initial discovery exchanges, claim construction, depositions, expert discovery, and case dispositive motions, some or all of which may be permanently avoided due to a stay. This factor, therefore, weighs heavily in favor of granting the stay.

### iii. Issuing a Stay Will Not Cause Landmark to Suffer Undue Prejudice.

The issuance of a stay inherently will delay this proceeding, if it resumes again in the future, but this delay will not cause Landmark to suffer any undue prejudice.

First, a stay will not prejudice Landmark because Landmark is not a competitor of iRobot. When parties compete, a delay can result in the plaintiff's loss of market share and price erosion. But that is not the case here. Landmark is a non-practicing entity, which derives revenue solely from licensing and asserting its patent portfolio and produces no products which practice either of the patents-in-suit. "[S]ince plaintiff does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during the

stay." *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255 at *10 (E.D. Tex. Sept. 20, 2010). Should iRobot eventually be found to have infringed a valid claim of either patent-in-suit, any supposed harm caused by this delay in the case will be remedied by money damages and interest.

Second, the delay itself will be definite and brief, avoiding undue prejudice. The CBM Review process is required by the AIA to be speedy and cost-effective, thereby addressing any concerns with granting indefinite and lengthy stays under the pre-AIA patent reexamination regime. In *Eon Corp. IP Holdings, LLC v. Skytel Corp.*, this Court denied a request for a stay pending the resolution of a concurrent reexamination, fearing that a stay would "potentially prevent [the plaintiff] from enforcing its rights for several years." No. 6:08-cv-385, 2009 U.S. Dist. LEXIS 131909, at *15 (E.D. Tex. Apr. 29, 2009). Congress acted to alleviate this Court's concerns by passing the AIA. Unlike the pre-AIA reexamination proceedings, which could drag on for years, CBM Review is required by law to reach conclusion one year after initiation.[2] 37 C.F.R. §§ 42.301, 42.200(c). As such, the CBM Review will be resolved quickly, and should be resolved before the trial scheduled in this case.

Third, the timing of these CBM Reviews and this motion to stay will not cause Landmark any undue prejudice. Courts will occasionally find prejudice where a patent re-examination is filed or a stay is sought to improperly delay proceedings for a tactical advantage. *See, e.g., PureChoice, Inc. v. HoneyWell Int'l, Inc.*, No. 2:06-CV-244, 2007 U.S. Dist. LEXIS 95706, at *3 (E.D. Tex. Apr. 20, 2007). As explained above, this case is still at its very early stages. GSI prepared and filed the CBM Review petitions with diligence. iRobot now seeks a stay after the

---

[2] The PTAB may extend the proceedings by a maximum of six months, but only upon a showing of good cause. 37. C.F.R. § 42.200(c)(2012).

PTAB confirmed the filing of the petition. Therefore, the timing of these events does not suggest any attempts to inappropriately delay enforcement of the patents-in-suit.

Finally, the process of the CBM Review proceedings will not cause Landmark to suffer undue prejudice. During the CBM Reviews, Landmark will be afforded full opportunity to defend the validity of the patents-in-suit. *See* AIA § 18(a)(1)(stating that CBM Review will generally employ the same procedures and post-grant review proceedings); *see generally* 37 C.F.R. §§ 42.207 & 42.220; (allowing the patent holder to respond to the petition); 37 C.F.R. § 42.223 (allowing the patent holder to file supplemental information); 37 C.F.R. § 42.221 (allowing the patent holder to amend patent claims); 37 C.F.R. § 42.221 (providing either party with the right to an oral hearing). Therefore, the prejudice factor as a whole favors issuing a stay.

### iv. Issuing a Stay Will Reduce the Burden of Litigation on the Parties and the Court.

The fourth factor favors granting a stay, as it will ease the burden of this litigation on the Court and on the parties. Congress added this fourth factor to §18(b) to ensure that courts would grant stays pending CBM Review at an increased rate. 157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (stating the fourth factor was added to place a "very heavy thumb" on the scales in favor of a stay). Congress expected that this fourth factor would cause a stay to issue in almost every set of circumstances. 157 Cong. Rec. S1363-64 (daily ed. Mar. 8, 2011) (statement of Sen. Charles Schumer) (stating "if a proceeding against a business method patent is instituted, the district court would institute a stay of litigation unless there were an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination").

Here, a stay will greatly reduce the burden on the Court and the parties. A stay would spare both parties the burden of potentially unnecessary litigation while the patents are being

tested before the PTAB. Following the final PTAB decisions in the CBM Reviews, the burden on the Court and parties will be further reduced, as invalidated claims will no longer need to be examined by the Court. The Court may elect to further reduce its burden by issuing stays in Landmark's other cases asserting the same patents-in-suit.

This district has recognized that not issuing a stay can lead to waste for both the Court and the parties. *EchoStar Techs. Corp., v. TiVo, Inc.*, No: 5:05-cv-81, 2006 U.S. Dist. LEXIS 48431, at *9-10 (E.D. Tex. July 14, 2006). If a stay does not issue, claim construction will have to proceed simultaneously before this Court and the PTAB, wasting time and resources. And, should the CBM Reviews lead to the likely cancellations or amendments, much of the Court's and parties' work performed on claim construction or dispositive motions could be rendered moot. Specifically, if the claims are amended, work performed for this litigation may need to be redone, driving up the cost of this litigation for both sides. Because the CBM Reviews will likely be completed after the *Markman* hearing, the amount of repeated work could be substantial.

## IV.   **CONCLUSION**

For the foregoing reasons, iRobot respectfully requests that the Court stay this litigation until the CBM Reviews are resolved.

Dated: November 26, 2013	Respectfully submitted,

/s/ *Thomas J. Gray*
Mark P. Wine
CA State Bar No. 189897
Thomas J. Gray
CA State Bar No. 191411
Benjamin S. Lin
CA State Bar No. 232735
Michael C. Chow
CA State Bar No. 273912
Will H. Melehani
CA State Bar No. 285916
ORRICK HERRINGTON & SUTCLIFFE LLP
2050 Main St., Suite 1100
Irvine, CA 92614
Tel: (949) 567-6700
Fax: (949) 567-6710
mwine@orrick.com
tgray@orrick.com
blin@orrick.com
mchow@orrick.com
wmelehani@orrick.com

Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
**Attorneys for Defendant iRobot Corporation**

## CERTIFICATE OF SERVICE

I certify that on November 26, 2013, I electronically filed the above document(s) with the Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

          /s/*Sally Hartwell*
          Sally Hartwell

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and that the motion is opposed. Counsel conferred via telephone on November 22, 2013. No agreement could be reached. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

          /s/*Thomas J. Gray*
          Attorney Name

OHSUSA:754606252.2